BYRNES, Judge.
This is an appeal from a judgment ordering collation by Walter D. Negrotto, Jr., son of the decedent, of a piece of immovable *676 property located in Orleans Parish subject to a credit of a down payment made on this property. The appellant also appeals a ruling of the lower court finding that additional property located in St. Tammany Parish purchased by the appellant’s sister Betty Negrotto Zane, from the decedent, is not subject to collation.
Walter D. Negrotto, Sr., died intestate on December 6, 1978. He was survived by his widow and only children, namely, Walter D. Negrotto, Jr., and Betty Jane Negrotto Zane.
Walter D. Negrotto, Jr., qualified as the administrator of his father’s sucession and in connection therewith filed a sworn descriptive list of assets owned by the decedent.
His sister moved to traverse this descriptive list alleging that two pieces of real estate had been conveyed by their father to her brother in the form of cash sales, when they were nothing more than donations by the decedent and his wife. Her brother answered the rule to traverse and collate by denying the sales were donations, but in the alternative claimed certain credits for the work done on the properties if collation was required.
Appellant in his deposition admitted that the sale was not purported, that he did not pay the stipulated purchase price of $18,-000.00, but instead paid the sum of $3,000.00 down, with the balance of the recited consideration being paid in installments of $500.00 bi-monthly until paid in full. He further testified that $2,400.00 of the down payment came from his wife’s savings account with the remaining $600.00 paid in cash. Negrotto, Jr., further testified that he paid $500.00 every other month until the note was paid in full, however, he failed to offer any receipts in evidence indicating that these payments were made. His mother, Lillian Negrotto, testified that money was paid every now and then, $500.00 at a time, for a six year period. However, the court found this testimony questionable since Mrs. Negrotto was deaf and quite possibly not cognizant of the reasons for which the money was paid. No other testimony nor additional evidence in the record indicated that the payments were made for the property.
As support for the lack of receipts and records, appellant repeatedly urged at trial that the decedent was not in the habit of giving receipts “within the family”. There was, however, testimony by Miss Rhonda Riley, a granddaughter of the decedent, that she had borrowed $1,900.00 from her grandfather and that records indicating repayment were kept by the decedent.
The trier of fact is in a pivotal position in determination of the credibility of the witnesses. Absent an abuse of discretion, the appellate court must give the greatest credence to his factual determinations. Canter v. Koehring, 283 So.2d 716 [La.1973].
The careful reading of the record before this court leads us to no other conclusion but that the lower court exercised sound and proper judgment in determining the facts and the law as applied and did not believe that Mr. Negrotto, Jr., actually made these cash payments. Further, the trial court maintains as do we, that no great weight can be attached to the testimony of Lillian Negrotto, concerning her remberances of any payment.
Collation may be ordered under the provisions of Civil Code, Art. 1248 which provides that:
“The advantage which a father bestowes upon his son, through any other manner than by donation or legacy, is likewise subject to collation. Thus, when a father has sold a thing to his son at a very low price, or has paid for him the price of some purchase, for [or] has spent money to improve his son’s estate, all that is subject to collation”.
The appellant argues that the court, in order to find collation, must find under the clear wording of this article that Walter Negrotto, Sr., sold the said property to his son at a “very low price”. The appellant further argues that the court cannot make this finding in the instant case because Betty Negrotto Zane failed to offer any proof *677 as to the value of the said real estate. The trial court must have placed a value on the property based upon the amount of the note given for the property, that is, $18,000.00. The court further found that only $2,400.00 of that price was substantiated in the record. Therefore the lower court was correct in ordering collation of the Esplanade property with a credit for the $2,400.00 paid.
As to the credits claimed by the appellant, Negrotto, the trial court succinctly stated in his reason for judgment:
“Collation is a strong presumption of Louisiana law and absence of receipts are overwhelming proof, the court will not accept the testimony of the parties of interest.”
In this instance, proof of the work performed by the appellant, Negrotto, was not documented by anything other than his testimony. Absent any concrete evidence and receipt, we must agree with the trial court’s decision to deny Negrotto’s claim for reimbursements of services allegedly rendered.
There is no merit to his claim that the St. Tammany property should be collated. Some monies used to pay for the property came from Walter Negrotto, Sr., in the amount of $3,335.44. However, this money is part of a total amount of $4,302.79 given by the decedent to his daughter and was ordered by the trial court to be collated. The sum of money used for the St. Tammany property was an advantage and as such, it, rather than the property, must be collated.
We therefore affirm the trial court’s decision in toto, with all costs to be borne by appellant.
AFFIRMED.